UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HOLIDAY INN CLUB VACATIONS INCORPORATED | * | CIVIL ACTION |
| | * | NO. 24-330 |
| VERSUS | | |
| | * | SECTION "J" (2) |
| WISZNIA COMPANY INCORPORATED | | |

## ORDER AND REASONS

Before me is Plaintiff Holiday Inn Club Vacations Incorporated's Motion for Leave to File Amended Complaint. ECF No. 7. This motion was scheduled for submission on Wednesday, July 24, 2024. As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, July 16, 2024. *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the Motion is GRANTED for the reasons that follow.

## LAW AND ANALYSIS

Plaintiff Holiday Inn Club Vacations Incorporated filed suit against Defendant Wisznia Company Incorporated alleging breach of a commercial lease. ECF No. 1. After Defendant failed to timely respond to the Complaint, the Clerk of Court entered a default against it. *See* ECF Nos. 5-6. Plaintiff asserts that the parties thereafter settled the dispute whereby Plaintiff agreed to delay seeking eviction and the court's entry of a default judgment in exchange for Defendant vacating the leased premises and payment of a specified amount by a certain date. ECF No. 7-1 at 1-2. Plaintiff contends that, as of the filing of its motion, Defendant vacated the premises but has failed to pay the agreed amounts due under the settlement agreement. *Id.* at 2. Plaintiff now seeks to

amend its Complaint to add additional claims arising from Defendant's alleged breach of the settlement agreement and to correct typographical errors.  ECF No. 7.

No Scheduling Order has yet been issued, there is no discovery deadline, and no substantive motions have been filed or addressed.  Thus, Plaintiff's request for leave to amend is governed by FED. R. CIV. P. 15(a) rather than the more stringent good cause requirements of FED. R. CIV. P. 16(b).[1]

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[2]  The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[3]  Given Rule 15(a)'s "bias in favor of granting leave to amend,'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[4]

Defendant has not filed an Opposition to Plaintiff's motion.  Moreover, given the early stage of this case and Defendant's failure to identify any reason for opposition to the motion, there

---

[1] *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).

[2] FED. R. CIV. P. 15(a)(2).  Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).  A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility.  *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[3] *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[4] *Id*. at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co*., 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).

is no "substantial reason" to deny Plaintiff's request for leave to amend under Rule 15(a). Additionally, courts in this circuit routinely grant motions for leave to amend to assert claims for breach or enforcement of settlement agreements.[5]

Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the failure to demonstrate of prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 7) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Plaintiff's Proposed Amended Complaint (ECF No. 7-2) into the court record.

New Orleans, Louisiana, this 24th day of July, 2024.

                                                    DONNA PHILLIPS CURRAULT
                                                    UNITED STATES MAGISTRATE JUDGE

---

[5] *See, e.g., Admins. Of Tulane Educ. Fund v. Biomeasure, Inc.,* No. 08-5096, 2010 WL 11541690 (E.D. La. Nov. 4, 2010) (granting leave to amend to add, *inter alia*, claim of breach of settlement agreement); *Jones-Sims v. Hous. Auth. of New Orleans,* No. 98-559, 2000 WL 1171121 (E.D. La. Aug. 16, 2000) (same); *Rogers v. State Farm Lloyds*, No. 22-363, 2023 WL 3695625 (S.D. Tex. May 18, 2023) (permitting amendment to add a claim for breach of settlement agreement and noting that the proposed amendment was not made in bad faith or for the purposes of delay given that the claim did not exist until after the amendment deadline passed).