UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOLIDAY INN CLUB VACATIONS INCORPORATED | CIVIL ACTION |
| VERSUS | NO. 24-330 |
| WISZNIA COMPANY INCORPORATED | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court are a *Motion for Partial Summary Judgment* **(Rec. Doc. 26)**, filed by Plaintiff Holiday Inn Club Vacations, Inc. ("HICV"), and an opposition filed by Defendants Marcel Wisznia and Wisznia Company, Inc. (Rec. Doc. 30). Having considered the motion, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of an alleged breach of a lease agreement. On March 1, 2019, Defendant Wisznia Company, Inc. ("Wisznia, Inc.") executed a commercial lease agreement with Timeshare Acquisitions Real Estate, LLC, whereby it agreed to lease 800 Common Street, New Orleans, Louisiana, for a term of five years and a base rent of $101,500.00 per year. On March 4, 2022, Timeshare Acquisitions assigned its interest in the lease to Plaintiff. During 2023, Defendant Wisznia, Inc. became delinquent on its rent payments, and Plaintiff put Wisznia, Inc. in default by letter dated June 21, 2023. Thereafter, Wisznia, Inc. paid the outstanding rent but not the late fees and interest provided for under the lease. At some point between June and

1

August of 2023, Wisznia, Inc. stopped making rent payments completely, and on August 18, 2023, Plaintiff sent another letter notifying Wisznia, Inc. of its default.

On February 6, 2024, Plaintiff filed the instant case in this Court for breach of the lease agreement, seeking amounts due and outstanding under the lease. Wisznia, Inc. did not file any timely responsive pleadings. After the Clerk of Court made an entry of default against Wisznia, Inc., parties reached a Settlement Agreement, which Plaintiff subsequently attached to its Amended Complaint. In the Amended Complaint, Plaintiff added Marcel Wisznia, the president and registered agent of Wisznia, Inc., as a named defendant, and raised a second cause of action: breach of settlement agreement. At the time of execution of the Settlement Agreement, Mr. Wisznia had executed a Guaranty, binding himself as an *in solido* obligor and guarantor of the Agreement's terms.

Plaintiff now moves for summary judgment on its second cause of action, the breach of the settlement agreement. Defendants respond, but largely without substantive opposition.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the

2

record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

## DISCUSSION

A settlement agreement is a contract between the parties. *Doré Energy Corp. v. Prospective Inv. & Trading Co.*, 570 F.3d 219, 225 (5th Cir. 2009). Thus, "the construction and enforcement of such agreements is governed by the principles of state law applicable to contracts generally." *Smith v. Ford Motor Co.*, No. 98-2299, 1999 WL 649636, at *2 (E.D. La. Aug. 24, 1999) (citing *Eastern Energy, Inc. v. Unico Oil & Gas, Inc.*, 861 F.2d 1379, 1380 (5th Cir. 1988)). The Settlement Agreement at

3

issue in this case provides that Louisiana law shall govern its construction and enforcement. (Rec. Doc. 26-2 at 43 ¶ 12). If the settlement agreement is unambiguous, its interpretation and enforcement is a legal issue for the district court. *Doré Energy Corp.*, 570 F.3d at 225 (citation omitted). Under Louisiana law, an agreement is unambiguous if the plain meaning of the provisions, within the four corners of the contract, are clear and lead to no absurd consequences. *In re Liljeberg Enterprises, Inc.*, 304 F.3d 410, 439–40 (5th Cir. 2002) (citations omitted).

In the instant case, the Settlement Agreement provided that Wisznia, Inc. would pay $105,021.13 to HICV by May 31, 2024. (Rec. Doc. 26-2 at 42 ¶ 2). The payment, in turn, would settle "all of HICV's claims or potential claims against [Wisznia, Inc.], including any and all attorneys' fees, costs, and other amounts or expenses incurred by HICV or its counsel." *Id*. At the same time, Marcel Wisznia confected a Guaranty of the Settlement Agreement, becoming its *in solido* obligor and guarantor. *Id*. at 46.

In response to Plaintiff's instant motion, Defendants concede no payment—timely or otherwise—has been made: "Defendants do not contest the principal amount of $105,021.13 being owed or the pre- and post-judgement [sic] interest." (Rec. Doc. 30 at 1). The Settlement Agreement establishes the recourse for a party's failure to comply with its provisions: "If any party should be required to file an action to enforce any provision of this Agreement, the prevailing party shall be entitled to attorneys' fees and costs associated with the same." (Rec. Doc. 26-2 at 43 ¶ 13). HICV seeks to do this very thing through its motion. And, put simply, there is no genuine

4

issue of material fact as to Wisznia Inc.'s breach of the Settlement Agreement nor Marcel Wisznia's breach of the terms of the Guaranty.

By the unambiguous terms of the Settlement Agreement and related Guaranty, Defendants Wisznia, Inc. and Marcel Wisznia are liable, *in solido*, to HICV for $105,021.13, pre- and post-judgment interest, and attorney's fees and costs associated with the enforcement of the Agreement, namely, the filing of this motion.

Although Plaintiff here moves for Partial Summary Judgment, Plaintiff submits the grant of summary judgment on Count II (Settlement Agreement) resolves its Count I claim (Breach of Contract against Wisznia, Inc.): "HICV reserves all rights as to Count I of the Amended Complaint, and Wisznia Inc.'s breach of the Lease, in the event the Court declines to enter judgment enforcing the Settlement Agreement." (Rec. Doc. 26-1 at 1 n.1). The Court hereby enforces the Settlement Agreement and, thus, resolves the remaining claim.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Partial Summary Judgment* **(Rec. Doc. 26)** is **GRANTED**. Defendants Wisznia Company, Inc. is in breach of the Settlement Agreement and Defendants Wisznia Company, Inc. and Marcel Wisznia are liable, *in solido*, to Plaintiff Holiday Inn Club Vacations, Inc. for $105,021.13, pre- and post-judgment interest, and attorney's fees and costs associated with the filing of this motion.

**IT IS FURTHER ORDERED** that, as the prevailing party, Plaintiff Holiday Inn Club Vacations, Inc. submit a proposed judgment to the Court no later than

**February 26, 2025**. Attached to that filing, Plaintiff shall provide support for any reasonable fee and cost award.

New Orleans, Louisiana, this 20th day of February, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE