UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOLIDAY INN CLUB VACATIONS INCORPORATED | CIVIL ACTION |
| VERSUS | NO. 24-330 |
| WISZNIA COMPANY INCORPORATED | SECTION: "J"(2) |

### ORDER AND REASONS

Before the Court are a *Motion for Attorney's Fees and Costs* **(Rec. Doc. 33)**, filed by Plaintiff Holiday Inn Club Vacations Incorporated, and an opposition filed by Defendants Wisznia Company Incorporated and Marcel Wisznia (Rec. Doc. 39), to which Plaintiff has replied (Rec. Doc. 40). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff moves in response to this Court's Order and Reasons, in which Defendants were found liable for breach of parties' Settlement Agreement. (Rec. Doc. 31). Therein, Plaintiff was directed to move for a reasonable attorney's fee and cost award, as specified in the Settlement Agreement.

Three days beyond their deadline, Defendants sought leave to file their opposition. Through the tardy opposition, Defendants generally argued that the attorney's fee requested is too high. Citing separate litigation also involving

1

Defendants, *Alliance Funding Group v. Wisznia Co.*, No. 23-4039, 2025 WL 35005 (E.D. La. Jan. 6, 2025), they aver a fee amount of 20% of the defaulted settlement amount would be reasonable.

## **LEGAL STANDARD**

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Louisiana law, attorney's fees are recoverable only where authorized by statute or contract. *Rivet v. State, Dep't of Transp. & Dev.*, 96-145, p. 10 (La. 9/5/96), 680 So. 2d 1154, 1160. Here, the basis of Plaintiff's fee award is contractual. Specifically, the Settlement Agreement made fees and costs awardable for a party's failure to comply with the agreement's terms: "If any party should be required to file an action to enforce any provision of this Agreement, the prevailing party shall be entitled to attorneys' fees and costs associated with the same." (Rec. Doc. 26-2 at 43 ¶ 13). The Settlement Agreement, moreover, was confected in Louisiana and governed by the state's laws. *Id.* at 43 ¶ 12. Accordingly, the Court will apply Louisiana law to Plaintiff's request for attorney's fees.

"An accepted method with which to begin calculation of a fee award under Louisiana law is to multiply the hours worked by an hourly rate the Court deems to be reasonable." *Bodin v. Butler*, No. 07-3505, 2008 WL 5122354, at *5 (E.D. La. Dec. 4, 2008). The reasonableness of the award is governed by factors established in Rule 1.5 of Louisiana's Rules of Professional Conduct. *Chevron USA, Inc. v. Aker Mar. Inc.*, 689 F.3d 497, 505 (5th Cir. 2012). As the Fifth Circuit has observed, Louisiana's fee calculation factors are "very similar to those used in the federal 'lodestar' method as

set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)." *Id*. Any methodological difference between Louisiana and federal calculation is reduced even further where neither party objects to the method chosen. *See Heck v. Triche*, 601 F. App'x 239, 242 (5th Cir. 2015). Here, on this Louisiana contract issue, both parties present arguments from the federal standard. The Court, in turn, will consider the fee issue in that context.

In the Fifth Circuit, a two-step method determines the reasonable award of attorney's fees. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 (5th Cir. 2016). First, the court calculates the lodestar, the reasonable amount of hours for the work multiplied by the prevailing community rate. *Id*. (citation omitted). This calculation yields a "strong presumption" of the reasonable fee. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999) (citing *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992)).

Second, the court may exercise its discretion and adjust the lodestar based on the *Johnson* factors. *Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922, 924 (5th Cir. 2021). *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th. Cir. 1974). These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the issues presented;
> (3) the skill required to perform the legal skills properly;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee was fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the result obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the undesirability of the case;

(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19.[1]

### A.   THE NUMBER OF HOURS REASONABLY SPENT

The Court must first determine if the hours requested by Plaintiff's counsel were reasonable considering the nature of the case and the work performed. The party seeking fees bears the burden of proving the reasonableness of the requested hours. *Mota v. Univ. of Tex. Houston Health Science Ctr.,* 261 F.3d 512, 528 (5th Cir. 2001) (citation omitted).

Here, Plaintiff has requested $57,503.00 in attorney's fees for 118.10 hours spent enforcing the Settlement Agreement. Aside from conclusory remarks about the excessive time spent, Defendants fail to present any meaningful analysis of Plaintiff's submitted time sheets. In review of the record, the Court observes Defendants' litigation behavior was the cause of increased billing time. Repeatedly, after periods of inaction, Defendants awoke to their rights, seeking tardy extensions of previously passed deadlines—beginning with permitting an entry of default against each Defendant and then moving to set aside that default entry. And all this only accounts for litigation behavior from the filing of the First Amended Complaint—the time period pertinent to the fee award.

---

[1] As previously noted, the Louisiana factors are similar: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. *Rivet*, 680 So. 2d at 1161 (citing *State, DOTD v. Williamson,* 597 So. 2d 439, 441–42 (La. 1992)).

The behavior is even more jarring when compared to the case Defendants marshal as support for their argument. In *Alliance Funding Group v. Wisznia Co.*, Defendants, represented by different counsel, engaged in little of the above-cited dilatory behavior. *Significantly*—faint but apt praise when compared to this litigation—Defendants timely answered the Complaint. *All. Funding Grp. v. Wisznia Co., Inc.*, No. 23-4039, ECF No. 8 (E.D. La. Sept. 14, 2023). The case was decided against Defendants after the filing of one dispositive motion. As Defendants here "[did] not contest Plaintiff's allegations" in its Motion for Partial Summary Judgment, (Rec. Doc. 30), a streamlined litigation process was prevented by Defendants alone. Defendants' conclusory arguments about the reasonableness of hours spent are meritless.

B.     **REASONABLENESS OF THE HOURLY RATE**

Attorney's fees should be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 (1984). As with the reasonableness of hours spent, the burden of proving the requested rate aligns with the prevailing market rates falls on the party seeking the attorney's fees. *Wheeler v. Mental Health & Mental Retardation Auth. of Harris County, Tex.,* 752 F.2d 1063, 1073 (5th Cir. 1985).

Here, Plaintiff seeks fees at hourly rates ranging from $240–$665. Plaintiff asserts these rates represent its charges from counsel. For their reasonableness, Plaintiff also points to *Alliance Funding Group v. Wisznia Company, Inc.*, in which Magistrate Judge Dossier accepted as reasonable unopposed rates ranging from

5

$320–$525. *All. Funding Grp.*, 2025 WL 35005, at *1–2.

Defendants argue against reliance on *Alliance Funding Group* because, unlike the earlier-resolved litigation, they oppose the rates here. Taken as a whole, Plaintiff's request for $57,503.00 in attorney's fees for 118.10 hours yields a composite hourly rate of $487. Further, aside from a recent increase in Laura Carlisle's hourly rate to $615, the rates of the most active attorneys on this case are in line with those in *Alliance Funding Group*—rates reasonable enough to Defendants that they filed no opposition to them. The Court finds Plaintiff has presented reasonable rates for attorneys of comparable skills within the community. The lodestar, therefore, is set at $57,503.00.

### C. Application of the *Johnson Factors*

Although there is a strong presumption that the lodestar figure is reasonable, the Court still considers the *Johnson* factors before assessing a final quantum of attorney's fees. *Heidtman*, 171 F.3d at 1043. This consideration need not be "meticulously detailed," yet all twelve factors must be clearly applied to the lodestar figure. *Saizan v. Delta Concrete Products Co. Inc.*, 448 F.3d 975 (5th. Cir. 2006). If a *Johnson* factor has already been considered in the calculation of the lodestar figure, the Court need not contemplate further adjustments on that basis. *Id.*

In the present case, after careful consideration of each of the *Johnson* factors the Court finds there is no further need to adjust the lodestar figure.

#### (1) Time and Labor Required

Plaintiff was forced to initiate this litigation to enforce the recently confected Settlement Agreement. In the face of repeated delays from Defendants, Plaintiff

6

committed extra time and resources to an otherwise simple resolution.

### (2) Novelty and Difficulty of the Issues Involved

The Court finds the legal issues presented in this case were not novel. However, Defendants' failure to timely file responsive pleadings and oppositions added legal difficulty to the action.

### (3) Skill Required

The Court finds that Plaintiff's counsel skillfully handled Defendants' litigation behavior to obtain a positive result for Plaintiff. This supports the lodestar figure.

### (4) Preclusion of Other Employment

Plaintiff's counsel has not provided any evidence that that this case forced them to turn away other potential clients and cases due to the time and resources required.

### (5) Customary Fee

This factor was already accounted for in the Court's consideration of the lodestar figure.

### (6) Whether Fee is Fixed or Contingent

Plaintiffs' counsel provides no information as to whether the fee was fixed or contingent.

### (7) Time Limitations Imposed by the Client or Circumstances of the Case

Similar to the Court's analysis under the first *Johnson* factor, Plaintiff's filings were largely in response to Defendants' litigation behavior. This factor further

solidifies the reasonableness of the expended hours.

### (8) Amount Involved and Results Obtained

The degree of success obtained is the most important *Johnson* factor. *Abner v. Kansas City So. Ry. Co.,* 541 F.3d 372, 376–77 (5th Cir. 2008) (citing *Johnson v. Ga. Highway Express,* 488 F.2d 714, 717–19 (5th Cir. 1974)). Therefore, the Court finds that Plaintiffs' counsel achieved complete success for their clients, and the lodestar figure reflects an adequate level of compensation commensurate with that success.

### (9) Experience, Reputation, and Ability of Attorneys

This factor was already considered in the Court's calculation of the lodestar figure.

### 10) Undesirability of the Case

This factor presents no clear application to this case.

### 11) Nature and Length of Professional Relationship with Client

This factor is intended to compensate attorneys who discount their fees to longstanding clients. *See Johnson,* 488 F.2d at 719. As Plaintiff has provided no proof of any longstanding relationship between themselves and counsel, the Court will not apply this factor.

### 12) Awards in Similar Cases

This factor is neutral because the Court already considered awards of attorney's fees in this district when calculating the lodestar figure.

Because it appears that none of the *Johnson* factors warrants an upward or downward adjustment from the lodestar amounts, the Court finds that the final

lodestar figure of $57,503.00 is the correct award in this case.

### D.   COSTS AND EXPENSES

Plaintiffs are also entitled to recovery of "costs associated" with enforcement of the Settlement Agreement. (Rec. Doc. 26-2 at 43 ¶ 13). Plaintiff seeks $188.50 for costs for service of the First Amended Complaint. Defendants do not contest Plaintiff's requested costs.

Having reviewed the evidence submitted in support of this request, the Court concludes the expenses are sufficiently documented and will therefore award the Plaintiff the full $188.50 requested. (Rec. Doc. 33-3 at 5–6, 13).

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Holiday Inn Club Vacations Incorporated's *Motion for Attorney's Fees and Costs* **(Rec. Doc. 33)** is **GRANTED**. Defendants must jointly pay Plaintiff the total sum of $57,691.50, representing $188.50 for Plaintiff's costs in bringing this action and $57,503.00 in reasonable attorney's fees.

New Orleans, Louisiana, this 25th day of March, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE